## BARHAM v. LIVINGSTON.

A Court of Justice wil not enforce an obligation where it appears to be nothing more than a bet in disguise on a presidential election.

APPEAL from the District Court of Morehouse. *Richardson,* J.
    *R. B. Todd & Compton Brigham,* for plaintiff. *McGuire & Ray,* for defendant and appellant.

SPOFFORD, J. The defendant and appellant contests the correctness of the judgment appealed from, in respect of two items only.

The first, is a small sum of $16 22, with reference to which we do not think the testimony sufficiently clear to require an amendment of the judgment.

The other is an item of $1,250 and interest, evidenced by a promissary note executed by the plaintiff *Barham* in favor of *A. & R. D. Livingston* on the 28th October, 1852, payable March 1st, 1853. *R. D. Livingston* has assigned his interest in the note to the defendant *A. Livingston.*

The note was nominally given for a house and lot in Bastrop, pretended to

have been sold by the *Livingston's* to *Barham*. The person who drew up the note and deed, says that, after the sale was made, the parties wished him to draw up an instrument of writing, depositing the deed and note to abide the result of the presidential election; that he refused to have anything to do with *that part of the transaction*, but after some inducement, wrote an instrument in relation to their proposed agreement which was signed by the parties after the sale and note were executed. Another witness, present during the whole affair, states that a proposition was made by *Barham* to *Livingston* to make a bet upon the presidential election, and they entered into writings in relation to the proposed bet. They went into *McFee's* office when the bet was reduced to writing. Another witness testifies that he had heard the defendant, *Livingston*, say that he had a note of $1,200 or $1,250 from *Barham*.

No deed from the *Livingston's* to *Barham* of the house and lot has been produced or shown to have been in existence at the time of this trial in the court below. At the date of the pretended sale, he was a tenant of the house under the *Livingston's*, and he gave his note to them for rent up to Feb. 1853, several months after the alleged sale, which is also claimed and allowed to the defendant. The *Livingston's* have contrived to act as owners of the property since as before the sale, and *Barham* has never set up any claim to it.

It is apparent that the pretended sale was only a bet disguised. The plaintiff staked his note for $1,250, against the defendant's house and lot, upon the dubious issue of a presidential election. We cannot infer from the evidence, as the appellant's counsel does, that the sale was a *bone fide* sale, untainted by any illicit condition, and that the bet was an afterthought, wholly disconnected with the sale. Even if it were, the consideration of the note has wholly failed, for the alleged vendors still have their house and lot which is not shown to have been at any time conveyed and delivered to the plaintiff. There was no compliance on their part with the obligation which the law imposes upon a vendor.

The contract by virtue of which alone the defendant obtained possession of the plaintiff's note, was reprobated by the laws in force at the time of its formation. Although a penal statute against betting on elections then in force, has been since repealed, that repeal did not purge the contract of its original taint. Moreover, the article 2952 of the Civil Code, now furnishes, as it did then, an impassable barrier to the allowance of such claims as this in a court of justice.

" The law grants no action for the payment of what has been won at gaming or by a bet, except for games tending to promote skill in the use of arms, such as the exercise of guns, foot, horse and chariot racing. And as to such games, the judge may reject the demand when the sum appears to him excessive."

Judgment affirmed.